# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### July 23, 2009 Session

## JAMIE McAFEE, ET AL. v. RUBY LAMBERT, ET AL.

### Direct Appeal from the Chancery Court for McNairy County
### No. 8219     Dewey C. Whitenton, Chancellor

---

### No. W2008-00243-COA-R3-CV - Filed August 21, 2009

---

Defendant landowners appeal the trial court's judgment finding that they had dedicated a roadway to public use by implication, and ordering the parties to widen the roadway and move utility lines. We dismiss for lack of a final judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Ryan B. Feeney and Christopher F. Donovan, Selmer, Tennessee, for the Appellants, Ruby Lambert and Timothy Sagely.

Magan N. White, Jackson, Tennessee, for the Appellees, Jamie McAfee, Martha Grissom and James W. McAfee

### MEMORANDUM OPINION[1]

In June 2005, Plaintiffs Jamie McAfee, Martha Francis Grissom, and James W. McAfee ("Plaintiffs") filed an action in the Chancery Court of McNairy County seeking to enjoin Defendants Ruby Lambert and Timothy Sagely ("Defendants") from prohibiting or restricting the use of a roadway by themselves "or other parties" for ingress and egress. They also sought to enjoin Defendant from interfering with reasonable maintenance of and improvements to the road. Plaintiffs alleged the road known as Kenneth Lambert Road began at the southern margin of the Hamburg

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Road, crossed property owned by Defendant Ruby Lambert, and continued for several hundred feet. They alleged the road had been in existence for over 100 years and that it had at various times been used by the U.S. Post Office to carry mail and by McNairy County for school buses. Plaintiffs additionally asserted the roadway had been maintained by McNairy County for "some period of time," and that several homes were located on the roadway "[f]or some number of years." Plaintiff James W. McAfee asserted use of the roadway was necessary for ingress and egress to his property located south of the Lambert property. Plaintiff Martha Francis Grissom asserted she had used the roadway continuously since 1965 to access the southern portion of her property. Plaintiffs alleged that Defendants had constructed a gate across the road and "interfered with certain individual[']s efforts to use the road." They asserted Defendants also intended to interfere with use of the road by "the general public." Plaintiffs alleged that the public had used the road for over 100 years without dispute.

Defendants answered in August 2005, denying the roadway was a public road. They asserted the affirmative defenses of the statute of limitations, laches, unclean hands, estoppel and abandonment. They also asserted Plaintiffs had failed to state a claim for which relief could be granted, and that Defendant Timothy Sagely should be dismissed from the lawsuit because he did not own any of the property in question. Defendants also counter-claimed, asserting the roadway was not a public road, that the public had never used the road "except for unwanted four wheeler riders from time to time," and that Plaintiffs had used the roadway in violation of Ruby Lambert's wishes. They prayed for damages for pain, suffering and emotional distress arising from Plaintiffs' willful, intentional, reckless or negligent conduct. Defendants counter-claimed for compensatory and punitive damages in an amount to be determined by a jury. In October 2005, Defendants filed a "Supplemental Answer or Counterclaim" asserting that, if the trial court determined the roadway was a public road, they owned the property by adverse possession. They alleged that Plaintiffs were barred by the statute of limitations from bringing an action to abate Defendants' claims for adverse possession.

Following a hearing without the presence of a court reporter in May 2006, the trial court determined Defendants had dedicated the roadway as a public road by implication; that the city or county had abandoned the public road; and that "[a]n easement of access over the road is owed to all property owners which join[] the road and said easement continues even after a public road is abandoned." The court ordered Defendants to remove all gates and fences "unless there is an agreement by all abutting landowners otherwise." The trial court also held,

> [t]he width of the road or easement is hereby determined to be 30 feet. If the parties cannot agree as the exact location of the 30 feet road or easement then it is to be surveyed and staked by a Registered Land Surveyor with the costs to be divided equally between the parties.

In September 2006, Defendants filed a motion to restrict the dedicated roadway to the actual width of the road and to prohibit Plaintiffs from erecting road signs along the road. In their motion, Defendants stated that, although the trial court had determined the roadway had been impliedly

dedicated to the public for public use, there was no finding as to the width of the roadway. They further asserted that there had never been a road sign placed on the roadway, and that the decision to place a road sign on the property was one to be made by the county or city government. Defendants also filed a motion to reconsider, asserting that the roadway was only 11 feet wide; that it was located 50 to 60 feet from their home; that widening the road to 30 feet would require eliminating "many old and valuable trees," and unduly encroach on Defendants' property; and that at least two utility poles and a transformer would have to be relocated.

On December 31, 2007, the trial court entered an order finding an implied dedication of the roadway for public use; that the public no longer used the roadway; and that a width of 20 feet was "adequate to satisfy the private needs of the owners of property adjoining or abutting the roadway." The court ordered the removal of all obstructions; the marking of the roadway to preserve existing larger trees; and the relocation of utility poles, if necessary, with the costs of moving any utility lines to be equally divided between the parties. The trial court denied Defendants' apparent oral objection to the participation of Jamie McAfee and James W. McAfee based on standing. Defendants filed a timely notice of appeal to this Court.

## *Issues Presented*

Defendants raise the following issues for our review:

(1)     Whether the trial court erred, as a matter of law, in finding an implied dedication of the disputed drive, since the use of said drive was objected to by the defendants.

(2)     Whether the trial court erred in finding an implied dedication of the disputed drive, since the dedication must be unequivocal, and must be accompanied by facts which show the use was claimed as a right.

(3)     Whether plaintiffs Jamie McAfee and James Wesley McAfee no longer have any special, pecuniary or proprietary interest in the disputed drive; and whether they lack standing to continue prosecution of the action, and should therefore be dismissed as named parties.

(4)     Whether the chancery court's order, requiring expansion of the disputed drive from eleven (11) feet wide to twenty (20), was not sought in the plaintiff's prayer for relief, is *coram non-judice* and therefore void.

## *Discussion*

As an initial matter, we note that, as we observed at oral argument of this matter on July 23, 2009, the County was not made a party to this lawsuit. It appears to this Court that the determination that the roadway in question was a public road that had been abandoned by the County is a matter

-3-

that requires the participation of the County. Further, if the final adjudication of this matter requires the relocation of utility poles, lines, and transformers in order to widen a "road", the County and/or appropriate governmental department must be given an opportunity to participate.

Notwithstanding these preliminary observations, and although neither party to this lawsuit has raised the issue of whether the order appealed is a final judgment, we must review the record *sua sponte* to determine whether we have jurisdiction to adjudicate this appeal. *State ex rel Garrison v. Scobey*, No. W2007-02367-COA-R3-JV, 2008 WL 4648359, at *4 (Tenn. Ct. App. Oct. 22, 2008)(*no perm. app. filed*); Tenn. R. App. P. 13(b).

Rule 3(a) of the Tennessee Rules of Appellate Procedure provides, in relevant part:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Under certain circumstances, a judgment which adjudicates fewer than all of the claims asserted by the parties may be made final and appealable pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. In order to enter judgment under Rule 54.02, however, the trial court must make an explicit finding that there is "no just reason for delay" and must expressly direct that a final judgment be entered. In the absence of an order meeting the requirements of Rule 54.02, any trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right. *E.g., State ex rel Garrison v. Scobey*, WL 4648359, at *5.

In this case, the trial court has not adjudicated Defendants' counterclaim for damages arising from Plaintiffs' alleged intentional, reckless or negligent conduct, or for ownership by adverse possession. Further, the trial court did not make its order final under Rule 54.02. Accordingly, no final judgment has been entered in the trial court, and we do not have jurisdiction to adjudicate the issues raised on appeal.

***Holding***

In light of the foregoing, we must dismiss this appeal.  This matter is remanded to the trial court for further proceedings.  Costs of this appeal are taxed to the Appellants, Ruby Lambert and Timothy Sagely, and their surety, for which execution may issue if necessary.

 

_____
DAVID R. FARMER, JUDGE